Mathews, J.
delivered the opinion of the court. During the trial of this cause in the district court, several exceptions were taken to the opinion of the judge, but, as they relate to matters of form alone, it is deemed unnecessary to notice them, as no reversal of judgment can take place on account of informalities in the proceedings.
The suit was originally instituted by Labatut, curator of the estate of Chantrel, to recover the amount of a certain per centage, detained by the defendant, as special administrator, who took possession of the estate of the deceased, by virtue of his office.
During the progress of the suit, Neel and others *273 • intervened, and claimed the amount of the property detained, irom the special administrator, as surviving partners of Chantrel, and judgment being for them, the defendant and the curator appealed.
The facts in the case shew that the special administrator, in taking possession of the property of the estate of the deceased, possessed himself also of certain property, which belonged to the surviving partners, being about three fourths of the amount which came into his hands—that, on delivering the estate over to the curator, appointed for it, he delivered the shares of the copartners, detaining, as a compensation for his trouble, and by virtue of his office, five per cent, on the whole amount.
This case presents two questions for our decision. Is the defendant and appellant, entitled to five per cent, on property, which is no part of the succession of the deceased, according to the provisions of the ordinance, under which he held his appointment ?—Is he entitled to receive any thing for the care and attention which he must necessarily have given to the goods of the intervening party, which were blended with those of the estate ?
As to the first of these questions, we are clearly of opinion that the ordinance alluded to (1 Mar *274 tin's Digest, 410) contemplated an allowance of per cent, to the special administrator on the amount of the estates of deceased persons, which were to be administered under it, only : and not on any goods, which might be found blended with those of such estates.
But, where the property and rights of other persons, such as partners in trade are so mixed that they cannot be distinguished, without strict examination, the surviving partners being absent, and all the goods of the concern found, as in the. present case, among the estate of the deceased, which rendered it necessary that the administrator should take possession of the whole, perhaps he ought to be entitled to some compensation, in proportion to his trouble and risk, in keeping the goods of the survivors: yet, as he has not kept them, but, on the contrary, has delivered them to the curator, who, as such, had no authority to receive any thing, except the estate of the intestate, and, as there is nothing shewn by which his trouble and risk may be estimated, we do not think that any compensation ought to be adjudged to him, on the amount of that part of the property which belongs to the surviving partners.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be affirmed *275 with, costs, and that the appellant pay the costs of this appeal.
Cuvillier for the plaintiff, Morse for the defendant.